UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-268-JBC

EDMOND C. CLEM                                              PLAINTIFF

VS:                  **MEMORANDUM OPINION AND ORDER**

GEORGE W. BUSH, *President of the United States*
                                                          DEFENDANT

Plaintiff Edmond C. Clem, who lists his address as 460 Fairdale Drive, Lexington, 40511, has filed a *pro se* civil action. The Clerk of the Court has docketed the action as one falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Clem has paid the $350.00 filing fee [Record No. 5].

This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*,

1

183 F.3d at 480. Under these circumstances, amendment to cure such defects would not be permitted after dismissal.

## DEFENDANT

The plaintiff has named George W. Bush, the President of the United States, as the sole defendant in this action.

## CLAIMS

Clem's central complaint appears to be that on July 14, 2006, the Department of Veterans Affairs ("the VA") refused to reopen a claim which it had previously denied in 1977 [*See* Record No. 1-7, pp. 16-23].[1] Subsequently, Clem submitted a confusing letter to the undersigned in which he appears to be claiming that this is a criminal action. Clem stated as follows:

> "Subject: law Suit. Trial Date.
> Speedy Trial mandated for 60 days, Mistake in Filing Claim by Court Clerk.
> Is not a civil action but criminal. But a criminal case of the worst kind, Including 5-6-7-8 and 5-14 Sec 4-5 Amendments. And falls into trial time of not more than sixty days as the 6th Amendment dictates. Both Navy and V.A. I've been hung out to dry for 57 years without a trial and served my time in limbo. And now I wait some action and I have a legal right to demand such.
> And to have some "adjustment" on the last sixty days that will conclude on August the 12 08.

---

[1] Clem is a veteran of the Korean Conflict Era and Peacetime. He served in the Navy from March 16, 1948 to July 19, 1951 [*See* Record No.1-7, p. 20].

2

Case: 5:08-cv-00268-JBC Doc #: 8 Filed: 08/18/08 Page: 3 of 10 - Page ID#: 117

[*See* Letter, Record No. 7].[2]

## DISCUSSION

### 1. Interpretation of Claims

Clem's submissions in this action indicate that is challenging decisions made by the VA as far back as 1975. These decisions denied Clem's request for a pension and/or disability benefits. Clem alleged that since 1951, he has suffered from a service-related medical condition known as *myasthenia gravis*, which Clem describes as "fatigue syndrome"and/or nervousness. In 1975, the VA denied Clem veterans' benefits, disputing his claim that *myasthenia gravis* constituted a service-related condition [Record No. 2, pp. 16-23]. The VA further noted that Clem's military service medical history was devoid of indicia that he suffered from any service-related symptoms supporting an award of benefits. The VA noted that in 1951, Clem was discharged from military service because the Board of Medical Survey had diagnosed him as having a personality disorder rendering him unfit for military service [*Id.*, p. 17].

In 1977, Clem attempted to re-open the VA's decision to deny him benefits. The VA denied the effort to re-open the proceeding. The VA cited federal regulations which preclude connecting military service to a nervous condition [*Id.*, p. 19].

---

[2] In similar fashion, Clem rambled at length in his other filings [Record Nos. 2, 4 and 6].

On December 22, 2005, Clem attempted to re-open his claim for service-related benefits, again asserting that he suffered from *myasthenia gravis* [*Id*., p.20]. On July 14, 2006, the VA Regional Office again denied Clem's claim [*Id*.]. Under the heading of "Reasons for Decision," the VA explained its decision as follows:

> "The service medical records show no documentation or any evidence of a complaint, diagnosis, or treatment for the veteran's claimed myasthenia gravis, or fatigue syndrome during military service.
>
> VA outpatient treatment shows no diagnosis or treatment for the veteran's claimed myasthenia gravis, or fatigue syndrome. The records show that the veteran was diagnosed with diabetic neuropathies, which is a separate condition and not related to myasthenia gravis.
>
> . . . .

[*Id*., p.21].

In his initial filing in this action [Record No. 2], Clem makes repeated references to the Navy's erroneous determination in 1951 that he did not suffer from *myasthenia gravis*. Clem challenges the 1951 findings of the Board of Medical Survey; argues that the Board failed to conduct proper tests on him; and claims that the Board reached the wrong medical diagnosis.

Clem stated in his June 12, 2008, filing [Record No. 2] that he suffers from a " . . . latent disease now known as myasthenia gravis, the full history of trials, tribulations, enclosed" [*Id*., 2, p.1]. He then proceeded to state that " . . .the Judge and the jury, if necessary, will set the penalties for pension at a 100%

4

disability, for 57 years, at the inflated dollars that are paid now. . . " [*Id.*, p.2];

Clem argues in his letter filed as Record No. 7 that the instant civil proceeding is a "criminal" action, presumably because he because he disagrees with the basis of his military discharge and the VA's subsequent denial of benefits.

"[T]he label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." *United States v. Louisville & Nashville R. Co.*, 221 F.2d 698, 701 (6th Cir.1955). In considering Clem's statements in his various filings, and the VA documents attached to the Complaint, the Court determines that this action [08-CV-268-JBC] is a civil proceeding through which Clem seeks judicial review of prior adverse rulings by the VA (denial of disability benefits). Clem's ultimate goal is to obtain a favorable ruling requiring the VA to pay him a pension and/or disability benefits based on his allegation that he suffers from *myasthenia gravis*.

## 2. Legal Analysis of Claims

Clem is essentially seeking judicial review of the VA's July 14, 2006, decision, which rejected Clem's effort to re-open prior determinations denying him veterans' benefits. However, this Court lacks subject matter jurisdiction to entertain the plaintiff's challenge to the VA's decisions.

Subject-matter jurisdiction is necessary for the exercise of federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp.

5

107 (E.D. N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). Either the court, *sua sponte*, or a party may assert the lack of subject-matter jurisdiction at any time during the course of an action. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992).

Once challenged, jurisdiction must be established by the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Plaintiff Clem cannot meet that burden. The Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. 38 U.S.C. §511(a). An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals (BVA). 38 U.S.C. §7104(a). The BVA's decision may be appealed to the Court of Veterans' Appeals, 38 U.S.C. §7252(a)[3], and then to the United States Court of Appeals for

---

[3] Title 38 U. S. C. §7252 provides as follows:

(a) The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

(b) Review in the Court shall be on the record of proceedings before the

6

the Federal Circuit. 38 U.S.C. §§7252(c), 7292.

Thus, this Court simply does not have subject-matter jurisdiction to entertain the plaintiff's dispute with the VA. *Larrabee v. Derwinski*, 968 F.2d 1497, 1499-1501 (2d Cir. 1992)(statutory scheme set forth in 38 U.S.C. § 511, which provides for judicial review of veterans' benefits determinations in the federal circuit, deprived district court of jurisdiction over claims); *Moore v. Commissioner of Social Sec.*, 59 F.3d 170, 1995 WL 376731, **1 (6th Cir.(Tenn.) June 22, 1995) (Unpublished Disposition).

To the extent that the *pro se* complaint could be construed as seeking monetary damages from the VA, a federal agency, that claim also fails. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of*

---

Secretary and the Board. The extent of the review shall be limited to the scope provided in section 7261 of this title. The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.

(c) Decisions by the Court are subject to review as provided in section 7292 of this title.

7

*State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. at 166. The United States has not waived its sovereign immunity against monetary damages for constitutional torts.

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The VA is a federal agency. "Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*, 2000 WL 1679420 (D. Kan. November 6, 2000) (no authorization existed to name the Department of Justice because it cannot be sued as a defendant; moreover, the plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief.

Finally, the plaintiff has named President George W. Bush as the only defendant to this action. President Bush had no direct involvement in the actions about which Clem complains. A claim under *Bivens* requires a showing that the named defendant performed the acts that resulted in a deprivation of a constitutional right. *See Rizzo v. Goode*, 423 U.S. 362, 375-76, 96 S.Ct. 598, 46 L. Ed.2d 561 (1976); *Bivens*, 403 U.S. at 390 n. 2; *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir.1998).

For these reasons, the construed claims against the VA and the claims against President Bush, the named defendant, will be dismissed with prejudice. Clem's "Motion for Appointment of Counsel" [Record No. 2] will be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   Edmond C. Clem's construed claims against the Department of Veterans' Affairs are **DISMISSED WITH PREJUDICE**.

(2) Edmond C. Clem's claims against Defendant George W. Bush, President of the United States of America, are **DISMISSED WITH PREJUDICE**.

(3) Edmond C. Clem's "Motion for Appointment of Counsel" [Record No. 2] is **DENIED** as **MOOT**.

(4) This action [08-CV-268-JBC] is **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Signed on  August 17, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY